UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  
                                      15-CR-143  
                                      DECISION & ORDER

JOSE RUBEN GIL,

        Defendant.

In *United States v. Joyner*, 313 F.3d 40, 48 (2d Cir. 2002), the Second Circuit said in dicta that an indictment charging a continuing criminal enterprise ("CCE") offense "was flawed in that it did not identify with specificity the three violations necessary to form a CCE offense." But earlier that same year, in *United States v. Flaharty*, 295 F.3d 182, 197 (2d Cir. 2002), the Second Circuit observed that "we have held that an indictment that does not identify which of many alleged felonies constituted the [CCE] series is not thereby defective." This case presents the challenge of reconciling those seemingly contradictory statements.

This Court is not the first to address this apparent contradiction. Like the other courts to have considered this issue, this Court finds that the dicta in *Joyner* gives way to the holding in *Flaharty*. For that reason, the indictment here neither fails to state a CCE offense nor lacks the requisite specificity.

## PROCEDURAL BACKGROUND

Defendant Jose Ruben Gil is charged in a second superseding indictment with engaging in a CCE, 21 U.S.C. §§ 848(a) and 848(b), by violating 21 U.S.C. §§ 841(a)(1) (possessing with intent to distribute and distributing a controlled substance), 846 (drug conspiracy), and 856(a)(1) (maintaining a drug-involved premises) as the principal administrator, organizer, and leader of the CCE. He also is charged with conspiring to possess heroin, fentanyl, and cocaine with the intent to distribute those substances, in violation of 21 U.S.C. § 846; and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). See Docket Item 217.

On May 12, 2017, Gil filed an omnibus discovery motion; he also moved to dismiss the CCE charge in the second superseding indictment (count 1) and to suppress statements. Docket Item 194. On September 6, 2017, the government responded to Gil's motions. Docket Item 240. On November 1, 2017, Magistrate Judge H. Kenneth Schroeder, Jr., heard oral argument on Gil's omnibus motion, as well as his motions to dismiss count 1 and to suppress statements. That same day, Judge Schroeder denied Gil's omnibus motion except as to the motion for a bill of particulars, and he ordered additional briefing on the motion to dismiss. Docket Item 288.

The additional briefs were filed on November 15, 2017, and November 22, 2017. Docket Items 309 and 322. On January 3, 2018, Judge Schroeder issued a Report, Recommendation and Order ("RR&O"), recommending the denial of Gil's motions to dismiss and to suppress. Docket Item 349. On January 4, 2018, for the reasons stated in several of his prior orders, Docket Items 293, 300, and 303, Judge Schroeder issued a text order denying Gil's motion for a bill of particulars. Docket Item 356.

On January 17, 2018, Gil objected to Judge Schroeder's RR&O recommending denial of his motion to dismiss and motion to suppress, Docket Item 361; he also objected to the text order denying his motion for a bill of particulars, Docket Item 362. The government responded on February 7, 2018, and February 8, 2018. *See* Docket Items 393 and 394. Gil replied on February 12, 2018. Docket Items 399 and 400.

This Court heard oral argument on February 13, 2018, and requested additional submissions with respect to the motion to dismiss. Docket Item 402. Gil filed his submission on March 20, 2018, Docket Item 442, and the government filed its submission on March 23, 2018, Docket Item 447. Further oral argument was held on May 8, 2018, and the Court gave Gil another opportunity to submit additional papers. Docket Item 510. By e-mail to the Court with a copy to the government counsel dated May 18, 2018, Gil advised that he had nothing to add to his argument, and the matter was therefore fully briefed and argued.

For the reasons that follow, this Court overrules Gil's objections to Judge Schroeder's RR&O and denies the motion to dismiss the CCE count and the motion to suppress statements. This Court also finds that Judge Schroder's order denying a bill of particulars was not clearly erroneous or contrary to law and therefore does not disturb that order.

**DISCUSSION**

I. **MOTION TO DISMISS**

   A. **The RR&O**

Judge Schroeder concluded that the allegations in count 1 of the second superseding indictment were sufficient to state a CCE violation. Indeed, Judge Schroeder found that count 1 of the second superseding indictment closely tracks the language of the CCE statute, alleging that Gil violated 21 U.S.C. §§ 841(a)(1) (possessing with intent to distribute and distributing a controlled substance), 846 (drug conspiracy), and 856(a)(1) (maintaining a drug-involved premises), "which violations were part of a continuing series of violations of said statutes by [Gil]." *Id.* at 6. Judge Schroeder also found that the CCE count specifies the two-year period during which Gil was alleged to have presided over the enterprise and identifies the types of drugs and gross quantities that were part of the CCE. *Id.* Finally, Judge Schroeder concluded that allegations are "specific enough to pass constitutional muster in that they apprise the defendant of the elements of his alleged offenses and the factual charges against which he must defend himself, and allow him to invoke double jeopardy if he is prosecuted in the future." *Id.* For those reasons, Judge Schroeder found that count 1 of the second superseding indictment was sufficient. *Id.*

   B. **Gil's Objection**

One of the elements of a CCE charge is a continuing series of felony drug violations. 21 U.S.C. 848(c). The Second Circuit has "interpreted 'a continuing series' to mean at least three felony drug violations committed over a definite period of time." *Flaharty*, 295 F.3d at 197 (citation omitted).

In support of his objection to the RR&O, Gil relies primarily on the Second Circuit's *Joyner* decision. He asserts that an otherwise sufficient CCE charge fails for lack of specificity if it does not explicitly identify the three violations necessary for a CCE offense. *See* Docket Item 361. In opposition, the government contends that Gil's reliance on *Joyner* is misplaced and that the indictment is more than sufficient under *Flaharty*. Docket Item 447.

In an effort to address Gil's argument and perhaps reconcile the apparently conflicting language in the Second Circuit cases, this Court asked Gil to obtain copies of the indictments in *Joyner* and any other cases upon which he relied. Docket Item 402. But comparing the indictments does not resolve the dilemma. Indeed, the indictment found to be sufficient in *Flaharty* was quite sparse, alleging only the types of offenses comprising the series required under the CCE count and not the specific offenses themselves. Docket Item 442-1 at 62. Because *Flaharty* continues to be the law of this Circuit, *see, e.g.*, *United States v. Lyttle*, 460 F. App'x 3, 7 (2d Cir. 2012); *United States v. Price*, 443 F. App'x 576, 580 (2d Cir. 2011), the dicta in *Joyner* cannot mean what it seems to say: that an indictment is "flawed" if it does not "***identify with specificity*** the three violations necessary to form a CCE offense." 313 F.3d at 48 (emphasis added).

**C.     Analysis**

The Southern District recognized the tension between *Flaharty* and *Joyner* in *United States v. Ulbricht*, 2015 WL 413426 (S.D.N.Y. 2015) (Forrest, J.). To reconcile that tension, Judge Forrest interpreted *Joyner* (as well as *Montesano v. United States*, 348 F.3d 345, 352 n.4 (2d Cir. 2003), which suggests "that some specificity as to the predicate offenses is required in the indictment") "to require (at most) that the indictment

5

specify the *types* of violations—e.g., violations of § 841 or § 846—that are alleged to serve as predicate offenses." *Ulbricht*, 2015 WL 413426 at *4 n.4 (emphasis in original). "No more granularity is required in the indictment." *Id.*; *see also Guam v. Jones*, 2006 WL 2949259 (Guam Terr. October 17, 2006) ("identification of the felonies comprising the series of offenses necessary has been found to be unnecessary by the Second Circuit").

This Court agrees with that analysis. The dicta in *Joyner* and the holding in *Flaharty* may be at odds, but in light of the continued vitality of *Flaharty*, the dicta in *Joyner* must give way. So if *Joyner's* dicta also has continued vitality, it must mean that a CCE indictment requires only the types of offenses comprising the CCE series.

The indictment here includes that and more. The CCE count in the second superseding indictment alleges violations of 21 U.S.C. §§ 841(a)(1) (possessing with intent to distribute and distributing a controlled substance), 846 (drug conspiracy), and 856(a)(1) (maintaining a drug-involved premises) as part of the continuing series. Docket Item 217. It also specifies the time period of the CCE—from in or about June 2013 to in or about September 2015, just over two years. It alleges that the series of violations involved at least 150 kilograms of cocaine and at least 30 kilograms of heroin. *Id.* It alleges that Gil, acting in concert with five or more persons, was one of the principal administrators, organizers, and leaders of the CCE. *Id.* And the indictment then details the conspiracy and the substantive offenses charged in counts 3 to 31. *Id.*

Gil argues that *Flaharty* and *Joyner* can be reconciled because *Flaharty* addresses the failure of an indictment to state an offense, Fed. R. Crim. P. 12(b)(3)(B)(v), while *Joyner* addresses lack of specificity, Fed. R. Crim. P.

6

12(b)(3)(B)(iii). And he argues that he is raising lack of specificity (*Joyner*), not failture to state an offense (*Flaharty*). But *Flaharty's* analysis addressed both "lack of specificity" and "fail[ure] to charge an offense," 295 F.3d at 197, while the defendants in *Joyner* argued that the indictment failed "to allege each material element of the offense," 313 F.3d at 48. What is more, the cases addressing both *Joyner* and *Flaharty* have done so in the context of determining whether the indictment was specific enough. *See, e.g.*, *Ulbricht*, at *4 n.4 (indictment need not "specify" anything more than the types of violations); *Jones*, 2006 WL 2949259 at *9 ("Jones argues that the felony must be identified with specificity").

Finally, Gil's fine distinction between a Rule 12(b)(3)(B)(v) objection and a Rule 12(b)(3)(B)(iii) objection does not hold up in light of the rule's language. Both objections fall within the general heading of "a defect in the indictment," and *Flaharty's* language—like the language of virtually every case to address the issue—found that the failure to identify the specific felonies constituting a CCE series does not make the indictment "defective." *Flaharty*, 295 F.3d at 197. Moreover, it is difficult to conceptualize how an indictment might lack the required specificity but still adequately allege an offense. And the cases that address—almost interchangeably—an alleged lack of CCE specificity and the failure to state a CCE offense seem to reflect exactly that. *See, e.g.*, *United States v. Santana-Madera*, 260 F.3d 133 (2d Cir. 2001); *United States v. Stevens*, 2006 WL 3827419 (W.D.N.Y. 2006) (Skretny, J.); *Ulbricht*, at *4 n.4; *Jones*, 2006 WL 2949259 at *9.

In sum, the indictment here is not defective. *See Flaharty*, 295 F.3d at 197. Because it is not defective, as a matter of law and a matter of logic, it must both

adequately state an offense and be specific enough.  See Fed. R. Crim. P. 12(b)(3)(B)(iii) and (v).  Gil's motion to dismiss the CCE count therefore is denied.

## II. MOTION TO SUPPRESS STATEMENTS

Gil also moved to suppress statements he made on January 14, 2014, after he was taken into custody in California.  Judge Schroeder found that Gil is collaterally estopped from challenging the admissibility of his statements and therefore recommended that Gil's motion to suppress be denied.  Docket Item 349 at 7-8.  Judge Schroeder noted that Gil had been represented by counsel when, about three months after his arrest, he pleaded guilty in California Superior Court to possession for sale of a controlled substance (cocaine), in violation of California Health & Safety Code § 11351.  Id. at 7.  Judge Schroeder also found that Gil had been represented by counsel when, based on his California conviction, he admitted violating conditions of his supervised release in the United States District Court for the Southern District of New York.  Id.  And Judge Schroeder concluded that Gil's plea of guilty in California and his conceded violation in the Southern District of New York admitted the acts that were the subject of the statements Gil seeks to suppress, so that "'any antecedent constitutional violation bearing on factual guilt,' such as defendant's pre-plea detention and interrogation, [was] 'a non-issue.'"  Id. at 9-10.

On January 17, 2018, Gil objected to Judge Schroder's RR&O recommending the denial of his motion to suppress his statements.  Docket Item 361.  And on March 20, 2018, Gil specified the particular statements that he asks to be suppressed.  Docket Item 442 at 7; Docket Item 442-1 at 84-88.

8

Because he pleaded guilty and admitted that he violated a condition of his supervised release, Gil may be precluded from contesting certain admissions he made in the statements at issue. But the statements Gil seeks to suppress are broader than, and include admissions in addition to, the facts necessarily included in his guilty plea and his admission to violating a condition of his supervised release. Moreover, 18 U.S.C. § 3501 requires the court to determine the voluntariness of a statement before the jury hears it. Gil therefore is entitled to a hearing with respect to his statements. That hearing can and will be conducted during the trial after the government submits exactly what statement or excerpts it proposes to submit to the jury.

### III.     BILL OF PARTICULARS

On January 4, 2018, for the reasons stated in his prior orders, Docket Items 293, 300, and 303, Judge Schroeder issued a text order denying Gil's motion for a bill of particulars. Docket Item 356. Gil timely objected to Judge Schroeder's text order. Docket Item 362. Under Federal Rule of Criminal Procedure 59(a), a district judge must consider timely filed objections and modify or set aside any part of a magistrate judge's order that is contrary to law or clearly erroneous.

This Court has carefully reviewed Judge Schroeder's January 4, 2018 text order, as well as the orders referenced in that text order, Docket Items 293, 300, and 303. And this Court has concluded that Judge Schroeder's decision was neither contrary to law nor clearly erroneous.

First, as discussed above, Gil's claim that *Joyner* required more specificity in the CCE charge against him lacks merit. Moreover, and as the government argues in

response to the defendant's objections, the indictment already provides Gil with the information he seeks. In the words of the government,

> The introduction to the indictment, together with the substantive counts against defendant and his co-defendants, adequately proscribe [sic] the series of violations that constitute the predicate acts for the CCE count.

Docket Item 394 at 4-5. In light of the government's argument—and given Judge Calabresi's admonition that at trial a district court is "well advised to limit its consideration to those acts alleged in the indictment" because it otherwise will leave "open the question of whether it had 'constructively amended' the indictment," *Monsanto*, 348 F.3d at 349 n.4—the defendant has more than enough detail to prepare for trial. And that is especially so given the government's representation that it "has adequately and voluntarily disclosed to the defendant relevant evidentiary material within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B)." Docket Item 394 at 4; *see United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means").

This Court therefore will not disturb Judge Schroeder's order denying Gil a bill of particulars. *See* Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

## **CONCLUSION**

For the above reasons, this Court ADOPTS in part Judge Schroeder's RR&O, Docket Item 349; DENIES Gil's motion to dismiss the CCE count; and RESERVES decision on the motion to suppress. Docket Item 194. Further, because Judge

Schroeder's order denying a bill of particulars, Docket Item 356, is neither contrary to law nor clearly erroneous, this Court will not revisit that order.

SO ORDERED.

Dated: June 20, 2018
Buffalo, New York

      *s/Lawrence J. Vilardo*
      LAWRENCE J. VILARDO
      UNITED STATES DISTRICT JUDGE